Our third case for this morning is Heng v. Heavner, Beyers & Mihlar, and the consolidated cases with that. Mr. Edelman, I might wait just a half a second while we clear things out. Good morning. There have been zero foreclosed FHA loans in Illinois in which the pursuit of a deficiency judgment has been authorized. The FHA is not currently pursuing deficiency judgments. The defendant foreclosure attorneys nevertheless fill in form foreclosure complaints asking for a person's claim to be personally liable for deficiency, if any, with the names of the borrowers, sometimes, as in the case of Zuniga, with a statement, unless personal liability is discharged in bankruptcy or otherwise released. A borrower reading this would understand it to mean that a claim for a deficiency has been authorized by the appropriate person, and that that party claims that they're personally liable if the property sells for less than the debt. Is there some policy, you're saying, with FHA that they just don't pursue deficiencies? That is correct. Is that a written policy or just what they're a practice? It is both. Any deficiency on an FHA loan belongs to FHA. It would have to be assigned to the Secretary of HUD. According to the explanation published in the Federal Register when the current claims without conveyance of title procedure was adopted, it states, quote, under the policy to be implemented under this rule, mortgagees will be pursuing deficiency judgments only in those selected cases in which HUD has so requested, close quote. So requested. Correct. So HUD does have an option of going after them if they think it's appropriate. That is correct. So we submitted a Freedom of Information request asking in how many cases did you think it was appropriate and what are the circumstances, and I just read the answer, zero. And the circumstances under which an individual borrower would be pursued is if they engage in some sort of fraud or abuse, as opposed to the more usual reasons for default, death, divorce, lack of employment, illness. So you understand this Freedom of Information response as saying that there have been no cases of fraud or abuse during that three-year period it covers? None in which FHA concluded that that was the case. And FHA is not acting in a vacuum. There are extensive pre-litigation loss mitigation procedures which have to be followed. There's a requirement, and it's enforceable by the borrower, that there be a face-to-face meeting. The servicer is supposed to obtain the reasons for default, see if those reasons can be mitigated by loan modification or similar things, and the usual causes of default, death, divorce, et cetera, are easily verifiable, and FHA would be in a position to know whether it wants to pursue a deficiency. In any event, it has stated we did not authorize a deficiency. They're nevertheless being requested. Why? Well, that's the Bayview letter that Judge Norgal excluded. The servicer then contacted the borrower and said, well, in exchange for money or property, we will waive this deficiency, which, of course, they don't say. We haven't been authorized to pursue. So they make a representation or threat that they have been authorized to pursue a very substantial personal judgment against the borrower and then try to get something in exchange for not engaging in the unauthorized action. Well, are you saying that suppose there's a deed in lieu of foreclosure offer? Would it normally be that deed in lieu of foreclosure that they would say that we will waive the deficiency? It's a standard provision in an Illinois deed in lieu of foreclosure. Yeah, in this case. And that's convenient. But, I mean, when you don't have to go through the whole foreclosure proceeding and you just turn it over, because I'm sure banks don't like to have to hold a lot of real estate that they got in a deed in lieu of foreclosure,  The only thing that concerns me here, really, is that to just even mention deficiency is somehow an electric signal that, well, you're in big trouble. Because a deficiency is just a reality. When someone defaults, it would be great if everything, when they default, and there's full value in whatever is mortgaged and there's no deficiency. But that's probably kind of rare. Well, in this case, the statement isn't merely that there might be a deficiency, but the mortgage company claims, persons claim to be personally liable for deficiency. That's the representation. It includes a number of statements. The first is I think that somebody has authorized, the appropriate person has authorized the pursuit of personal liability. That's not a true statement in these cases, because of what I read from the Freedom of Information response. So just to be picky, though, I mean, it's not a true statement at the time this complaint is, or it hasn't happened yet. I don't want to say it's true or false, but it's a prediction. So if HUD unexpectedly were to start authorizing the pursuit of deficiencies, maybe the real estate market is turning up, maybe for whatever reason it might do that, then by putting that, by filling out that part of the form, the state form, the lawyer for these various, these lawyers who are acting for the various banks would be preserving their client's right to get the deficiency judgment, turn it over to HUD, or, as they say, and you express skepticism that anybody would walk away from the HUD insurance, but if they don't want the HUD insurance, then they can just get the deficiency themselves. I have several responses. First, defendant claims that you can just walk away from HUD insurance, but that's wrong. Until the title is conveyed, the borrower's consent would be required to waive the insurance. The HUD requirements exist for the benefit of the borrower, as well as the lender. For example, there are cases saying that the face-to-face meeting requirement and loss mitigation requirements are enforceable by the borrower. So this exists for the borrower's benefit as well, and the borrower pays for the HUD insurance, of course. Well, in fact, they can't get the loan if they don't have the HUD, whatever you want to call it, guarantee. That's the whole purpose. Correct. It's to fill that gap where otherwise they wouldn't get a loan. So it is a benefit, certainly to the borrower, and I guess to some extent to the lender. Otherwise he doesn't get a loan. Absolutely. And the notes and mortgages expressly state these are subject to the requirements and regulations of HUD. In addition, I don't think it's necessary to preserve rights. First, you could fill it out truthfully with something like, not at this time, if requested by HUD pursuant to its policies,  and has the effect of preserving the party's rights. Second, the whole foreclosure process is a process. Before a lawsuit is filed, as soon as a loan is 30 days in default, HUD is notified by computer. They're notified of lost mitigation efforts. They're notified of what the apparent reason for the default is and what, if anything, can be done to mitigate it. So it's not like they file these complaints without informing FHA. If they do, they're committing all sorts of other violations. So FHA knows about it. If the lawyer has a question, does FHA want to pursue a deficiency, they could easily submit that question and get back a response, which appears to be no. I thought that if they didn't ask for the deficiency at the time the complaint is filed, there's some problem under Illinois law with a later effort to collect it. There isn't. There isn't. Okay. First, the state courts, the appellate court, has held that a judgment of foreclosure in which no deficiency is requested at all does not preclude a later suit in the note. So the answer is simply no. In addition, if for some reason it was determined to seek a deficiency based on facts which came to light during the foreclosure, they could certainly amend it. They have to give notice by certified mail or personal service, but absolutely they could amend it. So I do not know. So that would suggest that there's no great urgency to put this in at the moment that the complaint is filed. There is no reason whatsoever. And what they're doing is basically seeking a remedy which is harsh, completely unauthorized, and then at least in the case of the Hengs, sought to gain a pecuniary advantage from waiving the unauthorized conduct. We could contend that this is both a false representation and a false threat in violation of the FDCPA. Right. No, I understand your theory to be that there's, in fact, no objective intent to get the deficiency, so the only reason to mention it is to frighten the borrower into some sort of settlement. That's correct. And not only is there no objective intent, but the party entitled who is required to authorize the deficiency has not done so. But wouldn't in the ordinary course do so until much later in the process? That is correct. And we allege specifically that the collection lawyers in question know what HUD's policy is. They advertise their familiarity with it, and they know perfectly well that a deficiency has not been authorized and almost certainly would not be authorized. Now, wouldn't the lender be expected by HUD to make every effort to keep that loan intact, to work with the borrower, and to do whatever it takes to keep them paying rather than just throw in the towel? Absolutely. That's why you have the loss mitigation requirements. Okay. Whatever it is, it seems to be hanging, that deficiency out there is not so onerous, especially if there is an effort to maintain the borrower. You don't want to just have a lot of these going into default and put that whatever you want to call it. In some cases, the problem can be rectified. In some cases, it can't be. If the problem is divorce, illness, or death. Well, those are different external. I'm talking about just an internal somebody. They don't have enough money. They lost a job, and they can't make their mortgage, up or down or whatever. And as I say, I guess when HUD gets involved, it's anticipated to be a less than desirable loan. That's correct. Certainly, they're expected to work with the borrowers. If it's a case of loss of employment, they would normally wait to see if they can regain employment. Why is this the recognition that there is some, I don't care how remote it is, possibility of a deficiency? Just to list it, you really think that intimidates people from taking out the loan? I think it intimidates people when they get served with a complaint. Well, that's a different time. You don't like to get served with a complaint. You like to have your loan current. It might lose their home. I'm sure that's a concern for anyone. I think most people when they get loans. But that's the moment that you're talking about in this suit, right? Yes, that's correct. The service of the complaint, not the original arrangement for the loan. That's correct. I don't think that people get into loans on the assumption they're going to default. And what we simply contend is that the defendant foreclosure lawyers are not entitled to make statements about consequences, which their client has basically said, don't do this. And then take advantage of it for some collateral purpose. Unless Your Honors have some further questions, I see I'm into my rebuttal time. Thank you, Your Honors. All right. Thank you. Mr. Swafford. May it please the Court, I represent three law firms who represent the holders of notes and mortgages. And the notes and mortgages, they brought foreclosure actions attaching these notes and mortgages. And the notes unequivocally bind the debtors to pay the notes in full. And the mortgages secure the obligations of those notes. And there is no federal or state law that nullify those allegations. Well, I guess the focus of this is the 1692E5 language that you can't, that the Fair Debt Collections Practices Act bars not just threats to take an action that can't legally be taken. Of course, you can legally pursue a deficiency judgment if the value of the property upon foreclosure doesn't meet the value of the loan. But also, or that is not intended to be taken. And that's what your opponents have been focusing on, whether there's an intent to pursue a deficiency judgment. And Branch A is the set of transactions in which the underlying creditor, the mortgagee, is in fact going to rely on FHA insurance to satisfy whatever can't be reaped out of the foreclosure sale. I mean, the property gets what it gets, right? But Mr. Edelman says that, in fact, no one intends to collect a deficiency judgment. And that just hasn't been done for the last three years. Well, he says the FHA doesn't intend to do it. Well, that's right. And he also says, why would you walk away from FHA insurance plus all the ancillary fees that you can get from the FHA, cut yourself loose from that and just say, you know, without, by the way, the consent of the borrower, and just rely on a deficiency judgment against these people who are in such dire financial straits that they're losing their homes. Well, in fact, you know the – Has that ever happened? Yeah, it has happened. It has happened. I mean, obviously it's not in the record because this is on the pleadings. I know because it's on a motion to dismiss. But there is the federal law does not require the mortgagee has the option to collect the insurance or not. Of course, no. And it's really totally speculative. I understand that. Okay. But I guess. HUD is like an insurance company. It pays what it pays. Okay? It doesn't pay in full. This business is about, oh, it pays interest and all the costs. It's just absolutely not true. So why should we take that? I mean, you know, we have a complaint that says that deficiency judgments are – they belong to HUD if you're going to collect the insurance, and that HUD, for whatever reason, maybe they're trying to be nice to people, I don't know, but for whatever reason, HUD has not, in fact, in the last three years, pursued deficiency judgments. So why couldn't you just put in that line to preserve your client's rights, language along the lines of what Mr. Edelman was saying, a deficiency judgment will be pursued if it seems like a good idea, you know, whatever. We reserve our rights to pursue a deficiency judgment if HUD requests it. I mean, people are afraid of bankruptcy. I mean, I'm sure if they're losing their house anyway, they might feel that they're being pushed into bankruptcy. Well, you know, people don't go into bankruptcy unless there's a deficiency judgment first. They go into bankruptcy to prevent their house from being taken away. So, I mean, that's not – that's the other way around. That's under a different set of laws. Pardon? That's under a different set of laws when you get into bankruptcy. Right. I mean, it's just – I don't even know what the fear is of what the threat is. What is the percentage of guarantee that HUD has? I'm sorry? HUD guarantees, I guess, isn't that the right word? HUD guarantees a certain amount of the loan if they default. I don't quite understand. I haven't – my own experience goes back on – it's hard to believe 30 years, but I used to deal with SBA loans, and the SBA, Small Business Administration, would guarantee up to a certain percentage, and if it defaulted or whatever, then the SBA would pay the bank 80% or something or whatever the outstanding was. Now, if there was a personal guarantee or something on a house or something, then there would be a deficiency, and there would be – it would shift over to a lien on that. And that's what happens with personal guarantees. I don't know what they do in these HUD loans. Is there a guarantee from HUD? I don't know the percentage. I don't know the answer to your question. What? I don't know the answer to what the percentage is. Isn't there a percentage? I think that guarantees the full amount of the loan, but the payoff is never the full amount of the loan. Why is that? Why is that? Because they don't pay the full amount of the cost. They penalize you because the foreclosure took too long. So they pay technically the loan. Pardon me? So you're saying they technically do pay the full loan. It's just the ancillary costs that you assert they don't cover to the extent. In theory, yes. Yeah. It's an insurance company, Your Honor. What do insurance companies pay? Well, we're here for our first case. This is like a deficiency judgment, if any. Why should an attorney be waiving his client's rights up front? There's no allegation here, for instance, that that's what the client wanted these attorneys, my clients, to do. I mean, my clients are attorneys, and they're being held responsible for their client's conduct? Well, they wouldn't be entitled to put in the complaint some sort of action that they never intended to take. Right? The law says they can't put that in something that's subject to the Fair Debt Collection Practices Act, and the act itself has been found to be applicable to legal pleadings. What if their client's intended to pursue a deficiency, regardless of what HUD did? Well, I suppose the first question would be whether they're legally authorized to do that, the first branch. Well, they're legally authorized to seek a deficiency under the HUD regulations. Even without HUD's request? Yes, they are. They absolutely are. They can forego insurance and seek a deficiency. Only if they forego insurance, though. Right. They can't do it. I guess I just am feeling that this record is very thin, that there are things that you're saying that might mean that this is all just fine. There are things that Mr. Edelman is saying that are more troublesome. When we don't know how many times people forego insurance, we don't know the kinds of things Judge Mannion's talking about, how fully HUD does really pay for these expenses.  Well, the fact that it's partially is mostly. Your business, I don't know what you do as far as dealing with these kinds of loans, but there is a certain practical effect. If somebody defaults and they're losing their home, the practical effort of going after a deficiency is about zero, unless there happens to be some other type of asset that's out there. And it's not a practical thing to even go after a deficiency. But if a deficiency were to exist, and maybe, as you say, they would forego. Well, I mean, practical matter, none of these deficiencies are ever collected unless there's somebody who's really skating on their allocation. Well, that's when you get into the fraud stuff. Pardon? If there's some kind of a fraud. Yeah. Hidden assets or something. Yes, skating. Or, frankly, they got the house in the wrong area and the property value has diminished, and they want to basically abandon it. As a practical matter, these are just attorneys, my clients, who are preserving their clients' rights by putting in this allegation. So in the event, there's somebody who's trying to skate on their allegations. That's all my clients were doing here. Well, I guess they're calling it a threat as opposed to just some procedure that may be out there and is rarely used. I'm not sure exactly what the balance is. If Judge Wood is correct in that there's not enough in the record, then motion to dismiss may not be appropriate. I look at it strictly from the law standpoint, and this doesn't look like a major big deal to me. Deficiency is name only. Whether or not it ever is collectible varies a lot. Exactly. This is just a contingent allegation and a complaint. And you have to ask what would the unsophisticated, not the least sophisticated because we don't use that test, but what would an unsophisticated consumer think about that? I suspect an unsophisticated consumer isn't familiar with the concept of transaction costs and isn't familiar with the notion that in a great many cases at least, the time, money, and effort to pursue a deficiency judgment would all be wasted because you're not, as you pointed out, you're not going to get something you can collect at the end of the day. So why throw good money after bad? But then you tell people, maybe we're going to go after you personally. What are they supposed to think? I suspect he's more concerned about losing his house and all the legal costs involved and everything else. He owes a debt regardless. Oh, we know that. Are my client attorneys supposed to waive the rights of their client? And there's no allegation here that their client's... Is that the only other choice, though? My client's client is supposed to waive their right. There's no allegation that they wanted their rights waived. Well, Mr. Edelman was saying that there is a middle ground that's a statement that's not misleading that also doesn't waive the rights of your clients in the rare situation, perhaps the fraud or somebody wins the lottery or whatever, the unusual situation where it would seem to be worth it to pursue a deficiency judgment. So there's a way of not putting your clients in the bind. Now, if there is no such way, then that's a different case. Well, there's nothing untruthful about the allegation regardless. Because if any. Because there's the debt and it's backed up by the note attached to the complaint. Okay. I ask that the judgments of the district court be affirmed. Thank you, Your Honor. Thank you. I think you have a minute or two, Mr. Edelman. We are not asking that the defendants waive anybody's rights. An attorney does not have the right to seek a remedy when the party who owns the remedy, in this case HUD, has said do not seek it. But how can you assume that, I mean, is it permissible for us to assume as a matter of law that all of these mortgagees represented by the under which HUD insurance is available, instead of foregoing their right to the insurance, may be getting the agreement of the debtor? Let's just assume that gets thrown in. But how do we know as a matter of law when, I think, in one of the briefs, we see in the handbook option A, you're going to do the HUD insurance, option B, you're not? Seeking the deficiency judgment has to be approved by HUD in all cases of HUD loans. The notes themselves state, contain language to this effect. This is from Geerke. Actually, it's a mortgage. In many circumstances, regulations issued by the secretary will limit lenders' rights in the case of payment defaults to require immediate payment in full and foreclose if not paid. So these are explicitly subject to HUD requirements. You say that's in the mortgage? That's in the standard form FHA note and mortgage. Those usually are about two pages long, aren't they? They're about 10 or 12 pages total. I hate to say it, but I remember a long time ago when I used to do this kind of work, nobody got that far. I agree. Including the lawyers. The bank will put in credit cards and other things down in the 14th paragraph. Your mortgage also insures that kind of stuff. I mean, I think there are some things that are worthless, whatever they are. But just looking at this one word, the deficiency, it seems that it's not so alarming here that people will refuse to take up, will borrow the money. And to look at it as a deficiency, nobody wants to have a deficiency. They want to keep the house. They want to stay there. But just laying it out there, and if there's no intent ever to use it, and maybe there's whatever the intent is, if HUD says no, as long as we're on our nickel, whatever you want to call it, then you can't do it anyway. So the lawyer doesn't even have that option. The lawyer is obligated, I think, to follow HUD's policies and requirements. If there is a question, they have to ask. The FOIA request response indicates what answer they would get. Don't do it. They do it anyway. We contend that's the violation. Unless Your Honors have some other questions. Thank you very much. Thanks to both counsel. We'll take the case under advisement.